RUTH O'CONNOR AND JOHN O'CONNOR, RESPONDENTS, v. HARRY KLAMER, APPELLANT.

Submitted May term, 1931—Decided October 7, 1931.

Before Justices CAMPBELL, LLOYD and BODINE.

For the appellant, *Evans, Smith & Evans* (*John D. Masterton,* of counsel).

For the respondents, *Maurice Bernstein.*

PER CURIAM.

The defendant appeals from a judgment entered against him in the First District Court of Paterson. He was the owner of a three-room bungalow in Singac, in this state, and John O'Connor occupied the premises as a tenant. In August of 1930, Mrs. O'Connor was injured through the giving away of steps on the leased premises and she and her husband instituted this action to recover damages, the wife for the injuries received, and the husband for the consequent loss and damage to himself. There was a judgment for the plaintiffs and the defendant appeals, contending that there should have been a nonsuit because there was no duty resting on the landlord to maintain the steps in proper repair, and that there was no proof of negligence.

As set forth in the state of the case it was testified that the stairs were in shaky condition and the top step sagged; that Mrs. O'Connor spoke to the defendant about it and that he promised to repair it; that he did repair it and shortly thereafter the repairs were made, the step gave way under the weight of Mrs. O'Connor and she received the injuries complained of.

It further appeared from the proofs that the defendant showed to the plaintiff John O'Connor the broken board and pointed out a defect in it.

We think a nonsuit could not have been granted. While the landlord as such owed no duty to the tenant to make repairs, yet if he undertook to repair, the law imposed an obligation to exercise due care in the performance of the work. There being evidence of negligence in making the repair so undertaken in the present case, the judgment will be affirmed, with costs.